# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BANK OZK, <br><br> *Plaintiff*, <br><br> v. <br><br> HOPE FLOATS (f/k/a the CHELSEA), bearing Official No. 1258346, her engines, tackle, furniture, apparel, appurtenances, and all other property aboard said vessel and appurtenances, etc., *in rem*, <br><br> *Defendant*. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-CV-00355 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Bank Ozk's Motion for Default Judgment (Dkt. #16). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be granted.

### BACKGROUND

On December 23, 2014, Samuel McFadin ("McFadin") entered into both an "Aircraft, Boat and Recreational Vehicle Installment Note and Security Agreement" (the "Note") and a "First Preferred Ship Mortgage" (the "Preferred Ship Mortgage") (collectively, the "Loan Documents) in exchange for a loan worth $204,000.00 (Dkt. #1 at p. 2). With the loan proceeds, McFadin purchased Hope Floats (f/k/a the CHELSEA), bearing Official No. 1258346 (the "Vessel").

On September 14, 2018, McFadin filed a Voluntary Petition for Individuals Filing for Bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Arkansas (the "Bankruptcy Court"). On March 11, 2021, the Bankruptcy court entered an *Order*

*Approving Chapter 11* plan that confirmed McFadin's *Plan of Reorganization Amended August 14, 2020* (the "Plan"). Pursuant to the Plan, Plaintiff's claim was classified as Class M, and McFadin was made to "surrender and abandon his interest in the [Vessel]" in full satisfaction of the Note (Dkt. #16, Exhibit 2 at p. 15). McFadin's filing of bankruptcy further constituted an Event of Default under the Loan Documents, leading to the filing of the present action.

On May 20, 2021, the Vessel was arrested by the U.S. Marshal's Service pursuant to an Order issued by this Court (*see* Dkt. #5). Upon the Vessel's arrest, both the Vessel and the substitute custodian, Marine Mile Yacht Services, were served with the Plaintiff's Verified Complaint (*see* Dkt. #16, Exhibit 3 at p. 2). Notice by publication to interested parties was issued in both the Beaumont Enterprise and the Herald Democrat. Such notice was effectuated on June 2, 2021 and June 4, 2021, respectively (*see* Dkt. #16, Exhibit 3 at p. 2). Notice was also sent via certified mail, return receipt requested, to every other person who had not yet appeared in the action and who had, at one time, asserted an interest in the Vessel (*see* Dkt. #16, Exhibit 3 at p. 3). To present, no interested parties have come forward to defend the Vessel.

On July 8, 2021, Plaintiff filed a request for the Clerk of the Court to enter default against Defendant (Dkt. #13). On July 14, 2021, the Clerk of the Court entered default against Defendant (Dkt. #15). On July 21, 2021, Plaintiff filed the present motion (Dkt. #16).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required

by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Second, the clerk may enter default when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Furthermore, Rule 55(b)(2) grants a district court wide latitude and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A defendant, by his default, admits a plaintiff's well pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default does not concede the truth of allegations of the complaint concerning damages. *Jackson v. FIE Corp.*, 302 F.3d 151, 524–25 (5th Cir. 2002).

## ANALYSIS

Plaintiff asks the Court to enter default judgment against the Vessel in the amount of $200,854.34, plus "$18.35 per day beginning on July 17, 2021, and ending the day before the date of the signing of a judgment, against the Vessel, *in rem*" (Dkt. #16 at p. 6). Plaintiff also seeks "post-judgment annual interest of 8% calculated daily, beginning to accrue as of the date of the signing of judgment and compounding annually[,]" attorneys' fees, and costs of court (Dkt. #16 at p. 6).

"In determining whether to enter a default judgment against a defendant, courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citations omitted).

As noted above, both the Vessel and the substitute custodian were served with copies of Plaintiff's Verified Complaint. Multiple forms of notice were also issued to potentially interested parties. To date, Defendant has not filed responsive pleadings or appeared the case. Because Plaintiff properly sought an entry of default from the Clerk of the Court, such default was issued, and Plaintiff now moves the Court to enter a judgment of default, the Court must determine whether, accepting the well-pleaded factual allegations in Plaintiff's Verified Complaint as true, Plaintiff is entitled to default judgment against the Vessel.

## I.     Entitlement to Default Judgment

In support of its right to a default judgment, Plaintiff invokes 46 U.S.C. § 31325(b)(1). Section 31325(b)(1) provides that "[o]n default of any term of the preferred mortgage, the mortgagee may—enforce the preferred mortgage lien in a civil action in rem for a documented vessel, a vessel to be documented under chapter 121 of this title, a vessel titled in a State, or a foreign vessel." 46 U.S.C. § 31325(b)(1).

Here, Plaintiff has sufficiently alleged that it had a preferred mortgage lien on the Vessel in both its Verified Complaint and the attachments thereto as to make the invocation of § 31325(b)(1) proper.[1] Plaintiff further submitted documents from the Bankruptcy Court indicating that McFadin must surrender his interest in the Vessel, and an affidavit establishing that McFadin failed to make timely payments on the Vessel (*see* Dkt. #16 at Exhibit 1; Dkt. #16 at Exhibit 2). Plaintiff provided the Court with affidavits establishing the costs incurred in bringing the action pursuant to McFadin's default on the Loan Documents, which include attorneys' fees, costs of Court, substitute custodian fees, and fees incurred during the arrest of the Vessel by the United States Marshal Service. The costs are recoverable following a judicial sale under the terms

---

[1] The Loan Documents are attached to Plaintiff's Verified Complaint as Exhibit A and Exhibit B.

of the mortgage (*see* Dkt. #1, Exhibit 2 at p. 5) ("The net proceeds of any judicial or other sale . . . shall be applied . . . First: To the payment of all attorneys' fees, court costs, and any other expenses, losses, charges or damages incurred or advances made by [Plaintiff] in the protection of its rights or caused by [McFadin's] default with interest" (emphasis omitted)).

In accordance with the foregoing, the Court finds that entering default judgment on Plaintiff's claim is supported by the well-pleaded allegations of the Verified Complaint and has a sufficient basis in the pleadings. As such, the Court will enter default judgment for Plaintiff against the Vessel.

## II. Form of Relief

"As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing." *James*, 6 F.3d at 310 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). The general rule does not apply, however, "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (first citing *United Artists Corp.*, 605 F.2d at 857; and then citing *Flaks v. Koegel*, 504 F.2d 702, 707–09 (2d Cir. 1974)).

Here, the amount sought by Plaintiff is: (1) the amount owed under the Loan Documents; (2) interest accruing thereon; (3) attorney's fees; (4) costs incurred in prosecuting the action; (5) recovery costs expended in foreclosing upon the First Preferred Ship Mortgage, and (6) the U.S. Marshals Service's costs of arrest and service of the Vessel. The language proscribed in the Loan Documents allows for such recovery (*see* Dkt. #16, Exhibit 1 at pp. 3–4, 22–23, 28). Additionally, all amounts sought are either in a liquidated sum or capable of mathematical calculation. As such, the Court need not hold an evidentiary hearing before entering judgment on Plaintiff's requested amount. *See James*, 6 F.3d at 310.

Plaintiff has submitted a Loan Payoff Statement indicating that the net amount due on the loan, as of July 16, 2021, equals $178,392.26 (*see* Dkt. #16, Exhibit 1 at p. 28). Contained within the same document is the per diem interest amount, set at $18.35 a day (*see* Dkt. #16, Exhibit 1 at p. 28).[2] Plaintiff has also presented an affidavit from his counsel supporting an attorneys' fees award, as calculated using the lodestar method, of $16,815.00 (*see* Dkt .#16, Exhibit 3 at pp. 4, 19–28). Per Plaintiff's counsel's affidavit, costs of court in the action totaled $863.62 (*see* Dkt. #16 at p. 4).

Plaintiff has also submitted documentation supporting the award of the "recovery costs expended in foreclosing upon the First Preferred Ship Mortgage" (Dkt. #16 at p. 4). The total cost of such recovery fees is $4,318.98 (*see* Dkt. #16, Exhibit 4 at pp. 2–5). Finally, the cost of arrest and service of the Vessel—also included in recovery costs—incurred by the United States Marshal Service equaled $464.48.

In sum, Plaintiff is entitled to recover $200,854.34 against Defendant, along with 8% post-judgment interest as detailed in the Final Judgment issued concurrently with this Order. *See* 28 U.S.C. § 1961(a) (providing for the recovery of post-judgment interest on "any money judgment in a civil case recovered in a district court"). Plaintiff is also entitled to recover interest in the amount of $18.35, accruing daily from July 17, 2021 to the date before entry of this Order.

## CONCLUSION

It is therefore **ORDERED** that Bank Ozk's Motion for Default Judgment (Dkt. #16) is hereby **GRANTED**.

It is further **ORDERED** that Bank Ozk's Unopposed Motion to Expedite Consideration of Motion for Entry of Default (Dkt. #12) is hereby **DENIED as moot**.

---

[2] The $178,392.26 total includes $21,953.81 in interest. Thus, any interest awarded would be that amount accruing from July 17, 2021 until the day immediately preceding the entry of this default judgment.

Entry of Judgment shall follow.

**SIGNED this 13th day of August, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE